UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

SUSAN NADER McNEILL            CIVIL ACTION NO. 04-1835

versus            JUDGE HICKS
           **REFERRED TO:**
COMMISSIONER OF THE SOCIAL            **MAGISTRATE JUDGE HORNSBY**
SECURITY ADMINISTRATION

---

## MEMORANDUM RULING

**Introduction**

Susan McNeill ("Plaintiff") alleges that she became disabled in June 2001 due to diabetes, internal bleeding, alcohol abuse, blackouts, depression and liver problems. An ALJ held a hearing and denied her claim, but the Appeals Council remanded for the taking of supplemental evidence from a vocational expert. Tr. 66-67. A supplemental hearing was held (Tr. 503-21) at which Plaintiff and a VE testified. The ALJ again denied benefits. Tr. 13-24. The Appeals Council denied a request for review, and Plaintiff filed this judicial appeal. The parties executed written consent to have the case decided by the assigned Magistrate Judge and, pursuant to the standing order of the district court, the case was automatically referred to the undersigned.

**The ALJ's Decision**

The ALJ discussed the voluminous evidence regarding Plaintiff's many health

problems, both physical and mental. Plaintiff's medical history included a hysterectomy in September 2002. She had post-operative complications, including cellulitis. See, e.g., Tr. 426. She complained in January 2003 of a small abdominal hernia that was getting bigger daily and causing pressure and pain. Tr. 425. A surgical repair was made. Plaintiff was released to return to work on March 3, 2003 with no restrictions. Tr. 411.

Plaintiff complained of another hernia in May 2003 and another surgical repair was performed. Tr. 421-22. In late July 2003, Plaintiff noticed another protrusion that was progressively getting larger. In October 2003, she was cleared for another hernia repair. Tr. 420. Plaintiff testified at her hearing that she had in fact undergone another surgery in February 2004. Tr. 505-06.

Counsel reports in his memorandum at footnote 9 that Plaintiff underwent yet another surgery for hernia repair in November 2004 and, by January 2005, she had herniated again, but surgery is not considered an option in the near future because of the many surgeries performed in such a short time span in recent years.

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). She found that Plaintiff was not working (step one) and suffered from severe impairments (step two) in the form of hepatitis C, bipolar disorder, diabetes and alcohol dependence, but those impairments were not found to meet or

medically equal a listed impairment (step three).  Tr. 16-17.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC").  After discussing the medical evidence and testimony, the ALJ concluded that Plaintiff retained the RFC to perform the exertional demands of medium work, reduced by an inability to interact appropriately with the general public under stress and a slightly reduced ability to maintain attention and concentration for extended periods.  Tr. 20.  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  20 C.F.R. § 404.1567(c) and § 416.967(c).  That RFC did not permit Plaintiff to perform her past relevant work (step four), but the VE identified other jobs that a person with that RFC and Plaintiff's vocational factors could perform (step five).  Based on the VE's testimony, and using the Medical-Vocational Guidelines as a framework, the ALJ found Plaintiff was not disabled.

**Issue on Appeal**

Plaintiff's sole assignment of error on appeal is: The ALJ failed to fully and fairly develop the facts with respect to [Plaintiff's] cellulitis, ascites, and recurrent herniation.  After the Commissioner pointed in her brief to the fact that the ALJ did receive evidence of the hernia problems and noted them in her decision, Plaintiff stated in her reply that the development of the record was lacking with respect to the hernia problems because the ALJ oversimplified the impairments and overlooked their disabling effects.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ was aware of the hernia problems. She wrote in her decision that Plaintiff "stated that she has had three hernia repairs and was getting ready to have another one done." Tr. 18. The recurrent hernias were not included in the list of severe impairments. The only other attention they received in the written decision was the following statement:

> The record documents that the claimant has had recurrent hernia repair surgeries and she testified to that fact. These are not disabling, however.

Tr. 19.

The Commissioner "submits that the hernia repairs were not disabling" but, like the ALJ, she does not offer a legal or factual explanation for that conclusion. Recurrent hernias would logically have some potential effect on a claimant's lifting ability. An ALJ need not discuss and examine in great detail every conceivable argument or limitation, but this

problem is sufficiently apparent from the record evidence and logically related to lifting ability that it merits more discussion than it received in the written decision. Furthermore, neither the ALJ nor the Commissioner has directed the court to a finding by any physician that Plaintiff can perform the rather significant lifting requirements of medium work. The combination of the recurrent hernia surgeries and the lack of positive evidence from a physician that Plaintiff can perform medium work despite that problem leaves the undersigned unable to conclude that there is substantial evidence to support the Commissioner's decision.[1]

**Conclusion**

On remand, Plaintiff and the agency may further explore the effect of the recurrent hernias and repairs, the problems with cellulitis and ascites, and any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

---

[1] In Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995) there was a "vast amount of medical evidence" establishing that claimant had a problem with his back, but the record did not make clear the effect the condition had on the claimant's ability to work. The Fifth Circuit remanded the case to the agency with instructions to obtain a report from a physician regarding the effects of the back condition on the claimant's ability to work. This case is similar.

Plaintiff is now represented by counsel, which she lacked at the prior hearings, and counsel is encouraged to ensure that the record is complete and that the ALJ is directed to those parts of the record and the legal arguments that Plaintiff relies on to establish disability. That will permit the ALJ the opportunity to specifically examine and address the issues that Plaintiff believes to be important and will allow any judicial review that follows to be more effective. For the reasons stated above, a judgment will be entered reversing the Commissioner's decision and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

THUS ONE AND SIGNED at Shreveport, Louisiana, this 25th day of August, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE